UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS MICELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-4392 |
| ) | |
| ALLSTATE VEHICLE & PROPERTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Phyllis Micelli, by her attorneys, the Merlin Law Group, for her Complaint against Defendant, Allstate Vehicle & Property Insurance Company, states:

## FACTS

1. Plaintiff, Phyllis Micelli ("Plaintiff" or "Ms. Micelli"), is a Florida citizen residing at 410 Bemen Drive in Lady Lake, Florida.

2. Prior to March, 2018, Ms. Micelli was the owner of the single-family residential dwelling located at 10927 South Hamlin Avenue, in Chicago, Illinois ("the insured premises").

3. Defendant, Allstate Vehicle & Property Insurance Company ("Allstate"), was and is an Illinois corporation and was and is an Illinois citizen, being an Illinois corporation with its principal place of business in Northbrook, Illinois.

4. This court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is completely diversity of the citizenship of the parties and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this judicial district. Additionally, Allstate does

1

business and/or transacts business in this judicial district and, therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

6. Allstate issued to the Plaintiff a homeowners insurance policy that was in full force and effect between August 27, 2016 and August 27, 2017 ("the insurance policy"). (A copy of the homeowners insurance policy is attached as Exhibit A).

7. Under the insurance policy, Allstate insured Plaintiff for accidental direct physical loss to the insured premises and to personal property in the insured dwelling unless limited or excluded.

8. On or about December 29, 2016, while the insurance policy was in full force and effect, the insured premises sustained sudden and accidental direct physical loss to the insured premises and to personal property within the premises due to water ("the water loss").

9. Plaintiff duly submitted a claim to Allstate.

10. Allstate acknowledged coverage for the water loss and paid Plaintiff for some, but not all, of the damage to the insured premises.

11. Plaintiff has substantially performed all post-loss conditions required by the insurance policy to be performed by her, requested of her, and/or not waived by Allstate including, but not limited to, paying the premium for the insurance policy, giving prompt notice of the loss to Allstate, and cooperating with its investigation of the loss and claim.

12. Although requested to do so, Allstate has failed and refused to pay Plaintiff the entire amount of the damage to the personal property within the insured premises as a result of the water loss.

## COUNT I
### (Breach of Contract)

13. Plaintiff re-alleges paragraphs 1 through 12 of the Facts as paragraph 13 of Count I of the Complaint.

14. Allstate's failure to pay Plaintiff the entire amount of the damage to the personal property within the insured premises from the covered water loss is a breach of the insurance contract.

15. This breach of the insurance contract was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.

16. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Phyllis Micelli, prays for judgment in her favor and against Defendant, Allstate Vehicle & Property Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
### (Section 155 Relief)

17. Plaintiff re-alleges paragraphs 1 through 14 of count I of the Complaint as paragraph 17 of count II of the Complaint.

18. At the time of the loss, Allstate's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

19. Plaintiff is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Allstate engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay her all amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80 (d)(7)(A) of the Illinois Administrative Code;

(b) failing to advise her in writing within 75 days from the date the water loss was reported for the delay in not resolving her claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c) failing to provide her with a reasonable explanation for the delay in resolving her claim, in violation of the regulations promulgated by the Illinois Director of Insurance within

(d) failing to acknowledge with reasonable promptness pertinent communications regarding her claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of her claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

(f) failing and refusing to pay for all of her covered losses to the personal property within the insured premises due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

(g) failing to properly train and to supervise Tunisha Stewart, the claim representative responsible for the adjustment of her personal property claim;

(h) taking depreciation that it knew or should have known was excessive and contrary to industry standards in arriving at its actual cash value payment for certain personal property damaged and /or destroyed in the water loss;

(i) forcing her to retain legal counsel to represent her at an examination under oath first requested more than 10 months after the water loss, a request that was unreasonable under the circumstances and served no purpose other than to further delay payment for her covered water loss;

(j)  acknowledging in an email through its counsel on May 11, 2018 that Allstate would be issuing a check for $33,123.34 for certain personal property destroyed in the water loss; yet, failing to issue said payment as of the date of the filing of this lawsuit; and

(k)  forcing her to retain legal counsel to sue to recover all benefits that should have been immediately forthcoming under the insurance policy, including the $33,123.34 payment referenced above.

WHEREFORE, Plaintiff, Phyllis Micelli, prays for an award of taxable costs, including reasonable attorney fees, in her favor and against Defendant, Allstate Vehicle & Property Insurance Company.

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
Attorneys for Plaintiff